UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**GEORGE L. RUSSELL, III**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

September 27, 2024

MEMORANDUM TO PARTIES RE:      Murphy v. Defense Threat Reduction Agency
Civil Action No. GLR-24-1805

Dear Parties:

Pending before the Court is self-represented Plaintiff Kevin Donnell Murphy's Motion for Reconsideration (ECF No. 6). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons outlined below, the Court will deny the Motion.

**Background**

On June 21, 2024, Murphy filed a Complaint alleging that Defendant Defense Threat Reduction Agency violated his "equal protection rights and procedural fairness in the grant application process." (Compl. at 7, ECF No. 1). That same day, Murphy filed a Motion for Leave to Proceed in Forma Pauperis ("IFP Motion"). (ECF No. 2). On July 15, 2024, the Court issued an Order denying his IFP Motion because Murphy did not properly complete it, and instructed Murphy to amend his Complaint to include a clear indication as to whether venue is proper in this Court. (July 15, 2024 Order at 2, ECF No. 8). Given Murphy's self-represented status, the Court permitted Murphy twenty-eight days to (1) pay the filing fee or properly complete the IFP Motion and (2) amend his Complaint to address the venue issue. (Id.). Murphy was forewarned that failure to pay the filing fee or file a complete IFP Motion, or failure to address the venue issue, would result in dismissal of his case without further notice from the Court. (Id.). On August 19, 2024, the Court dismissed Murphy's Complaint and closed this case because he failed to comply with this Court's Order. (Aug. 19, 2024 Order at 1, ECF No. 5). Murphy filed the instant Motion for Reconsideration on September 16, 2024. (ECF No. 6).

**Standard of Review**

Although the Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration," Rule 59(e) authorizes a district court to alter or amend a prior final judgment. See Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 470 n.4 (4th Cir. 2011). Motions brought under Rule 59(e) must be filed within twenty-eight days of the final judgment. Bolden v. McCabe, Weisberg & Conway, LLC, No. DKC 13-1265, 2014 WL 994066, at *1 n.1 (D.Md. Mar. 13, 2014). A district court may only alter or amend a final judgment under Rule 59(e) in three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." United States ex rel. Carter v. Halliburton Co., 866 F.3d 199, 210 (4th Cir. 2017) (quoting Zinkand v.

Brown, 478 F.3d 634, 637 (4th Cir. 2007)). A Rule 59(e) amendment is "an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (cleaned up). Accordingly, "[a] motion for reconsideration is 'not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request.'" Lynn v. Monarch Recovery Mgmt., Inc., 953 F.Supp.2d 612, 620 (D.Md. 2013) (quoting Sanders v. Prince George's Pub. Sch. Sys., No. RWT-08501, 2011 WL 4443441, at *1 (D.Md. Sept. 21, 2011)).

**Analysis**

Here, Murphy has failed to identify any changes in controlling law, newly discovered evidence, or any clear error by the Court or other injustice that would warrant reconsideration of the Court's August 19, 2024 Order. The Court directed Murphy to supplement his Complaint with information regarding whether venue was proper, and to either pay the full filing fee or file a complete IFP Motion. (Aug. 19, 2024 Order at 2). To date, Murphy has done none of the above. As a result, Murphy fails to provide any factual or legal grounds to warrant reconsideration, and his Motion for Reconsideration will accordingly be denied. See Judge v. Balt. City, No. GLR-14-3117, 2015 WL 11027771, at *1 (D.Md. June 26, 2015), aff'd sub nom. Cornish v. Balt. City, 621 F.App'x 185 (4th Cir. 2015).

**Conclusion**

For the foregoing reasons, Murphy's Motion for Reconsideration (ECF No. 6) is DENIED. Despite the informal nature of this Memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly and PROVIDE a copy to Murphy.

                                                    Very truly yours,

                                                    /s/
                                                  George L. Russell, III
                                                  Chief United States District Judge